IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| **ALBERT DELGAICCO** | § | **PLAINTIFF** |
| | § | |
| v. | § | **CAUSE NO. 1:04CV652** |
| | § | |
| **STATE FARM MUTUAL** | § | |
| **AUTOMOBILE INS. CO.** | § | **DEFENDANT** |

**MEMORANDUM OPINION AND ORDER DENYING**
**PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT**

THE MATTER BEFORE THE COURT is Plaintiff's Motion for Partial Summary Judgment [93] filed June 15, 2006.  Defendant has responded and Plaintiff has replied.  After due consideration of the submissions and the relevant law, the Court finds that the Motion is premature and should be denied.

DISCUSSION

This is a "pocket book" dispute between Plaintiff Albert Delgaicco ("Delgaicco") and his insurer, Defendant State Farm Mutual Automobile Insurance Company ("State Farm").  During the discovery process of this lawsuit, Plaintiff has formed a belief that State Farm intends to defend its failure to pay more on his claim by arguing that he engaged in fraud.  Delgaicco seeks to foreclose any possibility that State Farm will be allowed to directly or indirectly offer evidence of fraud or argue that any fraud-like event occurred.  Delgaicco argues: 1) State Farm did not plead fraud as one of its affirmative defenses; and 2) State Farm is judicially or otherwise estopped from asserting a defense that Plaintiff fabricated or staged the accident.

In essence, Delgaicco asks for judgment as a matter of law on an affirmative defense which Defendant must raise by responsive pleading.  *See* FED. R. CIV. P. 8(c).  In the Court's

opinion, until a claim or affirmative defense of fraud is asserted by State Farm, Delgaicco's request for judgment as a matter of law on the issue of fraud is not ripe for adjudication. Furthermore, Delgaicco's estoppel arguments go to evidence he anticipates will be introduced or arguments he believes will be made. If and when that evidence or argument is presented to the Court, any objections Delgaicco may have will be more properly brought in the form of an *in limine* motion or a contemporaneous objection at trial. For these reasons, the Court concludes that Plaintiff's Motion for Partial Summary Judgment should be denied.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the Plaintiff's Motion for Partial Summary Judgment [93] is **DENIED**.

**SO ORDERED AND ADJUDGED** this the 9th day of January, 2007.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE