**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION**

| | | |
|---|---|---|
| ALBERT DELGAICCO | § | PLAINTIFF |
| | § | |
| v. | § | CAUSE NO. 1:04CV652-LG-RHW |
| | § | |
| STATE FARM MUTUAL AUTOMOBILE | § | |
| INSURANCE COMPANY | § | DEFENDANT |

**ORDER DENYING PLAINTIFF'S MOTION FOR JUDGMENT AS A
MATTER OF LAW, OR ALTERNATIVELY, FOR A NEW TRIAL AND
GRANTING IN PART AND DENYING IN PART PLAINTIFF'S
MOTION FOR REVIEW OF COSTS AND OBJECTION TO COSTS**

BEFORE THE COURT are Plaintiff's Motion for Judgment as a Matter of Law, or Alternatively, for a New Trial [184] and Motion for Review of Costs and Objection to Costs [190]. The Court has considered the motions, responses and the relevant legal authority. The motion for judgment as a matter of law is denied. The motion for review is granted in part and denied in part.

DISCUSSION

The issues at the trial of this matter were whether Plaintiff was involved in a collision with a hit-and-run motorist and whether his damages, if any, were proximately caused by that accident. The jury did not find by a preponderance of the evidence that Plaintiff was struck in a collision by a hit-and-run motorist. A final judgment was entered on September 14, 2007. The Bill of Costs included "Fees for the court reporter" of "$398.20" and "Fees and disbursement for printing" of "$533.05." Plaintiff filed its post-judgment motions on September 27.

JUDGMENT AS A MATTER OF LAW

Plaintiff argues that he is entitled to judgment as a matter of law on liability, because Defendant should not have been allowed to admit evidence that the accident did not happen. Essentially, he maintains that Defendant was estopped from submitting this issue to the jury, since it admitted that it was not asserting fraud.

"[J]udicial estoppel 'generally prevents a party from prevailing in one phase of a case on an argument and then relying on a contradictory argument to prevail on another phase.'" *New Hampshire v. Maine*, 532 U.S. 742, 749 (2001) (quoting *Pegram v. Herdrich*, 530 U.S. 211, 227 n.8 (2000)).  The Court finds that Defendant's positions that (1) the accident did not occur and (2) Plaintiff did not submit a fraudulent claim are not mutually exclusive.  Defendant is not required to assert a fraud claim, just because it challenges an element of Plaintiff's case.  Fraud does not exist, for example, where a statement is made with an honest mistaken belief.

For these same reasons, Plaintiff's argument under the "mend the hold" doctrine is not well-taken either.  *See, e.g., Ohio & Miss. Ry. v. McCarthy*, 96 U.S. 258, 267-68 (1878) (discussing the doctrine).  Therefore, Plaintiff is not entitled to judgment as a matter of law as to liability.

<u>NEW TRIAL</u>

In the alternative, Plaintiff alleges erroneous evidentiary rulings entitle him to a new trial.  Since some of the objections are solely grounded on whether Defendant should have been allowed to admit evidence that the accident did not occur, the Court will not readdress that issue here, but refers to its ruling above.  The remainder of his arguments are that the Court (1) should have excluded Dr. Millette's testimony, (2) should not have allowed Officers Ray Polk and Neil Resh to give expert opinions, (3) should not have "exclud[ed] evidence and limited the cross-examination of Roger Schmitt," and (4) incorrectly ruled that certain evidence was privileged.

"The decision to grant or deny a motion for a new trial is generally within the sound discretion of the trial court."  *Shows v. Jamison Bedding, Inc.*, 671 F.2d 927, 930 (5th Cir. 1982).  Likewise, a trial court's evidentiary rulings are reviewed for abuse of discretion.  *Gen. Elec. Co. v. Joiner*, 522 U.S. 136, 141 (1997).  "Error may not be predicated upon a ruling which admits or excludes evidence unless a substantial right of the party is affected."  FED. R. EVI. 103(a).

The Court finds neither error nor prejudice in its discovery rulings or in Dr. Millette's testimony.  As for Polk and Resh, they were limited to testifying about facts and not allowed to give expert opinions.  The Court additionally finds no error in Plaintiff's examination of Schmitt.  Plaintiff had the opportunity to and did question Schmitt about the sixty-five thousand dollar tender.  Plaintiff was not entitled to impeach Schmitt with another witness's deposition.  Therefore, Plaintiff is not entitled to a new trial.

BILL OF COSTS

Lastly, Plaintiff challenges the Bill of Costs and argues Defendant is not entitled to recover (1) sixty-seven dollars for the video deposition of Dr. Roger Smith, (2) one hundred dollars for Video Masters for converting videos to discs, and (3) five hundred thirty-three dollars and five cents for copies of x-rays and medical records.

An award of costs is within the discretion of the trial court.  *Fogleman v. ARAMCO*, 920 F.2d 278, 285 (5th Cir. 1991).  While a "court may decline to award costs listed in [28 U.S.C. 1920, it] may not award costs omitted from the list."  *Coats v. Penrod Drilling Corp.*, 5 F.3d 877, 891 (5th Cir. 1993).

   I.   VIDEO DEPOSITION OF DR. ROGER SMITH

Included in the taxed court reporter fees is a videographer's charge.  While the Court's local rule provides that the cost of videotaped depositions are recoverable, this is in conflict with Fifth Circuit precedent.  *See* UNIF. LOCAL R. FOR THE N.D. MISS. & S.D. MISS. 30.1(F) (2004).  Only court reporter fees for the stenographic transcript of a deposition is recoverable.  *Mota v. Univ. of Tex. Houston Health Sci. Ctr.*, 261 F.3d 512, 529 (5th Cir. 2001).  The videographer's fees are not.  *Id.* at 529-30.  Defendant is not entitled to recover the sixty-seven dollar fee for the video tape of Dr. Smith's deposition.  Therefore the total amount of "Fees of the court reporter" listed on the Bill

of Costs should be reduced to three hundred thirty-one dollars and twenty cents ($331.20).

    II.        V<small>IDEO</small> M<small>ASTERS</small>

This charge was for "capturing, editing, and rendering [surveillance] video to discs" for trial. The Court finds this is recoverable because it was an exemplification and was necessarily obtained for use at trial in the case.  28 U.S.C. 1920(4) (2007).

    III.        X-R<small>AYS AND</small> M<small>EDICAL</small> R<small>ECORDS</small>

Plaintiff asks the Court to disallow costs for x-rays and medical records, because Defendant listed them as "printing costs."  In any event, these items are recoverable as exemplifications and copies of papers, respectively.  *Id.*  The Court further finds that these items were necessarily obtained for use at trial in the case.  In fact, most of these items were actually entered into evidence.

However, although it is not raised by either party, the Court notes a typographical error for the amount Defendant requests for some of these medical records.  Although Defendant's itemization lists the cost of "Gulf Coast Medical Center Medical Records (3/29/05)" as "$37.75," the invoice Defendant submitted reveals the cost was actually "$35.75."  Therefore the total cost recoverable for x-rays and medical records (listed on the Bill of Costs as "Fees and disbursements for printing") should be reduced to five hundred thirty-one dollars and five cents ($531.05).

Accordingly, the total taxable costs that Plaintiff must pay and Defendant may recover is one thousand three hundred fifty-four dollars and four cents ($1,354.04).

**IT IS THEREFORE ORDERED AND ADJUDGED** that Plaintiff's Motion for Judgment as a Matter of Law, or Alternatively, for a New Trial [184] is **DENIED**.

**IT IS FURTHER ORDERED AND ADJUDGED** that Plaintiff's Motion for Review of Costs and Objection to Costs [190] is **GRANTED IN PART AND DENIED IN PART.**

Defendant shall recover costs in the amount of one thousand three hundred fifty-four dollars and four cents ($1,354.04) from Plaintiff. The Clerk of Court shall amend the Bill of Costs consistent with this opinion.

**SO ORDERED AND ADJUDGED** this the 18th day of December, 2007.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE